## GEORGE COWAN v. STATE.

No. A-8548.   Aug. 11, 1933.
(24 Pac. [2d] 362.)

J. P. Wishard, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted upon a charge of grand larceny and sentenced to serve a term of three years in the state penitentiary, and appeals.

The testimony on behalf of the state shows that the prosecuting witness, Joseph Matli, owned certain personal property, consisting of one buzz saw frame with two blades, four automobile tires with complete rims and tubes, one Exide auto battery, one drive belt, two axes, one shovel, one hammer, and five wrenches; that the prop-

erty was located near the home of the prosecuting witness, Matli; and that on or about the 15th day of March, 1931, the property mentioned herein disappeared. Thereafter the witness Matli began to search for the property and found the track of a truck leading from where the property was taken to where it was found. They claim the tracks of the truck showed the same kind of casings that were on a truck belonging to the defendant when they went to the defendant's home. There is some testimony on behalf of the state indicating that the property was found upon a tract of land the defendant had leased a short distance from his home.

The defendant's defense is an alibi that he had nothing to do with the taking of the property, did not know it was taken, and had no knowledge as to where the property had been placed. The defendant's testimony shows that he had resided in the same neighborhood in which he was living for several years; that he went to a neighbor's house the night it is alleged the property was taken and remained there until after 12 o'clock at night, then returned to his home in company with his family and his brother, and remained at home until morning; that about 5 o'clock the next morning some parties came by and aroused him to get gasoline. The defendant's testimony further shows that on Monday, the 16th of March, 1931, a Diamond tread casing was placed on one of the rear wheels of his truck, and that it did not have a Diamond tread casing on it the night the property was taken. Several witnesses were called who testified to the former good character of the defendant.

The defendant has assigned several errors alleged to have been committed by the court in the trial of his case. In this case the record discloses that the testimony is all

circumstantial and not very strong. To warrant a conviction upon circumstantial evidence, each fact necessary to the conclusion sought to be established—that is, the guilt of the defendant—must be proved by competent evidence beyond a reasonable doubt, and all the facts and circumstances proven should not only be consistent with the guilt of the accused, but consistent with each other and inconsistent with any other reasonable hypothesis or conclusions than that of his guilt, and sufficient to produce in the minds of the jurors the reasonable moral certainty that the accused committed the offense charged against him.

The jury found the facts against the defendant, and, after a careful examination of the record, the court holds there is sufficient testimony to sustain a conviction; but, after considering the facts and circumstances as disclosed by the record, we believe the penalty imposed is excessive and that the ends of justice would be properly met by a modification of the sentence from three years to one year in the state penitentiary, and, as modified, the judgment should be affirmed. There are no errors in the record possessing sufficient merit to warrant a reversal.

Judgment affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.